UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COMDISCO, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 04 C 3605 |
| | ) | No. 04 C 3791 |
| LUMBERMENS MUTUAL CASUALTY COMPANY; | ) | |
| AMERICAN MANUFACTURERS MUTUAL | ) | |
| INSURANCE COMPANY; and ABD INSURANCE | ) | |
| AND FINANCIAL SERVICES, INC., | ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Comdisco, Inc., filed an Adversary Complaint in U.S. Bankruptcy Court on March 17, 2004, under case number 04-A-1831, against Defendants, Lumbermens Mutual Casualty Company ("Lumbermens"), American Manufacturers Mutual Insurance Company ("AMMIC"), and ABD Insurance and Financial Services, Inc. ("ABD"). Count I alleges a breach of contract against Lumbermens and AMMIC. Count II alleges a breach of the implied covenant of good faith and fair dealing against Lumbermens and AMMIC. Count III alleges professional negligence against ABD. On May 24, 2004, ABD filed a motion to withdraw the reference from bankruptcy court; and the motion was assigned to this Court as case number 04-C-3605. On June 1, 2004, in the same bankruptcy action, AMMIC and Lumbermens filed a motion to withdraw the reference from bankruptcy court; and the motion was assigned to this Court under case number 04-C-3791. Accordingly, 04-C-3605 and 04-C-3791 involve the same case that was withdrawn from the

bankruptcy court. Presently pending before the Court are ABD's Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative, For a More Definite Statement and AMMIC and Lumbermens' Amended Rule 12(b)(6) Motion to Dismiss.

## BACKGROUND

A reading of Comdisco's Complaint supports the following summary of the alleged conduct of the parties.

Comdisco is a Delaware corporation, whose principal place of business is in Rosemont, Illinois. Comdisco and certain of its affiliates are the debtors and debtors-in-possession in Chapter 11 bankruptcy proccedings. Comdisco was in the business of leasing computer equipment, office furniture and/or other office equipment to various venture capital-backed companies pursuant to an individual Master Lease Agreement ("MLA"). Each MLA required the company to obtain insurance for the equipment in an amount not less than the casualty value and to name Comdisco as an additional insured and loss payee under the insurance policy.

Comdisco entered into an MLA with Impresse Corporation and with Pluris, Inc. (collectively referred to as "Lessees"). Pursuant to each MLA, Comdisco agreed to lease certain computer equipment, office furniture and other equipment to Lessees but retained title and ownership of the leased equipment. Lessees, in accordance with the MLAs, agreed to obtain insurance for each item of equipment in an amount not less than the casualty value and to add Comdisco as an additional insured and loss payee on the insurance policy.

Lessees instructed and authorized their insurance brokers, including defendant ABD, to obtain such insurance for the equipment and to name Comdisco as an additional insured and loss payee. Lumbermens issued an equipment coverage policy for Impresse under policy

No. TKP77223601. AMMIC issued an equipment coverage policy for Pluris under policy No. 3MH77224102. Lessees' brokers, including ABD, issued certificates of insurance and/or evidence of insurance to Comdisco, thereby representing to Comdisco that it had been added as an additional insured and loss payee under the Impresse and Pluris policies.

During the effective dates of the Impresse and Pluris policies, Comdisco sustained losses relating to the Lessees' use of the equipment under an MLA. The loss under the Impresse MLA was $253,894.87, and the loss under the Pluris MLA was $889, 995.46. The total loss sustained was $1,143,890.33. The loss occurred during the insurance policies' coverage periods.

The Impresse and Pluris policies provided coverage for the losses. Comdisco notified Defendants of the losses and requested, on several occasions, that Defendants indemnify Comdisco for the losses under the applicable policy. The Defendants have denied Comdisco's requests for indemnification, stating that Comdisco is not named as an additional insured or loss payee under their policies.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761,

764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

*Defendants' Rule 12(b)(6) Motion to Dismiss: Lack of Privity*

Lumbermens and AMMIC contend that Plaintiff's Complaint must be dismissed because there is no privity between Comdisco and the Defendants. Comdisco alleges in its Complaint that Defendants breached their duties in refusing to indemnify Comdisco under the insurance policies and/or certificates of insurance issued by the Defendants. Accordingly, Comdisco has sufficiently pled privity at this stage of the litigation. Therefore, Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint based upon a lack of privity is denied.

*Defendants' Motion to Dismiss Count II: Preemption by State Statute*

Lumbermens and AMMIC argue that Count II of the Complaint should be dismissed because that cause of action is preempted by Section 155 of the Illinois Insurance Code under Illinois law. Plaintiff argues that preemption is not an issue.

Federal courts sitting in diversity must look to the conflict-of-laws rules of the forum state for the applicable law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, (1941). The forum state in this case is Illinois; therefore, we must look to Illinois's conflict-of-laws rules. When an insurance policy lacks a choice of law provision, Illinois courts employ a "most significant contacts"

4

test to determine the governing substantive law for the contract. *Jupiter Aluminum Corp. v. Home Ins. Co., et. al.*, 225 F.3d 868, 873 (7th Cir. 2000). Under this test, "insurance policy provisions are generally governed by: the location of the subject matter, the place of delivery of the contract, the domicile of the insured or insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract." *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill. 2d 520 (Ill. 1995). "While all of these factors must be considered in the choice-of-law analysis, the location of the insured risk is given special emphasis." *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Ill.*, 268 Ill. App. 3d 655 (1994) (*Mount Carmel*), *citing* Restatement (Second) of Conflicts of Laws § 193. However, "the location of the subject matter of the contract, such as the location of the risk insured by an insurance policy, is entitled to little weight when the subject matter or risk is located in more than one state." *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 309 Ill. App. 3d 730, 723 (1999), *citing* Restatement (Second) of Conflicts of Laws §193).

The insurance policy issued by Lumbermens to Impresse insures property located solely in California. The "most significant contacts" test requires the application of California law. This is particularly so because the test requires that the location of the insured subject matter be given "special emphasis."

The insurance policy issued by AMMIC to Pluris insures property located in California, Colorado and Germany. Applying the "most significant contacts" test and considering the various factors, California law must be applied. The insurance policy was delivered to Pluris in California.

5

The domicile of Pluris is California, and the domicile of ABD is California. The place of the last act effectuating the insurance contract is California, where ABD prepared the policies. Accordingly, Defendants' Motion to Dismiss on these grounds is denied.

In the alternative, ABD seeks a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). ABD contends that Plaintiff should include a short paragraph, adding information for each of the lease sites, explaining how certain losses and damages occurred. The information sought by ABD is readily available through discovery and need not be specifically pled to sufficiently place ABD on notice of the claims brought by Plaintiff. Accordingly, ABD's Alternative Motion for a More Definite Statement is denied.

## CONCLUSION

For the foregoing reasons, ABD's Motion to Dismiss Pursuant to Rule 12(b)(6), or in the Alternative, For a More Definite Statement and AMMIC and Lumbermens' Amended Rule 12(b)(6) Motion to Dismiss are denied.

Dated: March 24, 2005

JOHN W. DARRAH
United States District Judge